IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 18, 2019 Session

## TIMOTHY DUNN, SR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2014-CR-144     William R. Goodman III, Judge**

_____

## No. M2018-01614-CCA-R3-PC

_____

The Petitioner, Timothy Dunn, Sr., appeals from the Robertson County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that his trial counsel was ineffective in failing to explain to the Petitioner the possible sentence he could receive if convicted at trial. Discerning no error, we affirm the judgment of the post-conviction court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Jonathan B. Miley, Springfield, Tennessee, for the appellant, Timothy Dunn, Sr.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John Wesley Carney Jr., District Attorney General; and Jason Christian White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The Petitioner was convicted by a jury of sale of cocaine within 1000 feet of a school and delivery of cocaine within 1000 feet of a school. State v. Timothy Dunn, No. M2016-00469-CCA-R3-CD, 2017 WL 652215, at *1 (Tenn. Crim. App. Feb. 17, 2017), perm. app. denied (Tenn. May 18, 2017). The trial court merged the convictions and imposed a sentence of seventeen years. Id. This court affirmed the Petitioner's conviction and sentence on direct appeal. Id. On May 18, 2017, our supreme court declined to review this court's decision.

The Petitioner's conviction arose out of a controlled buy of cocaine performed by a confidential informant. Dunn, 2017 WL 652215, at *1. The confidential informant called a co-defendant asking to purchase a gram of cocaine for fifty dollars. Id. The co-defendant instructed the confidential informant on where to meet for the exchange. Id. Once the confidential informant arrived at the location, the Petitioner drove up in a van. Id. The Petitioner gave the confidential informant .76 grams of cocaine. Id. at *1-2. The confidential informant gave the Petitioner sixty dollars. Id. at *1. The Petitioner went back to his van and then returned with the confidential informant's change. Id. This exchange was recorded on a video camera hidden in the confidential informant's car and observed by several police officers. Id. at *2.

The Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed to represent the Petitioner in this matter and an amended petition for post-conviction relief was filed. As pertinent to our review, the amended petition alleged that trial counsel was ineffective in failing to inform the Petitioner of his "sentencing exposure if [a] plea offer was rejected and trial occurred."[1]

The Petitioner testified that the State initially offered to dismiss the cocaine charges against him if he testified against his co-defendant and did not "catch another theft charge." That offer was withdrawn after the Petitioner pled guilty to domestic assault. The State then offered the Petitioner an eight-year sentence without the school zone enhancement and with a release eligibility of thirty percent.

The Petitioner admitted that he was aware that he was charged with a Class A felony with a school zone enhancement. The Petitioner also admitted that he and trial counsel had reviewed the evidence against him. However, the Petitioner claimed that trial counsel told him that he "could probably beat the case" because he "didn't see [any] drugs" on the video recording. The Petitioner also claimed that trial counsel never informed him that he could receive a sentence of between fifteen and twenty-five years to be served at 100% if he was convicted at trial. The Petitioner testified that he would have accepted the State's offer if trial counsel had informed him of his sentencing exposure at trial.

Trial counsel denied telling the Petitioner that he could "beat the case." To the contrary, trial counsel advised the Petitioner that the "facts [of the case] were terrible" for the Petitioner and that the State's offer "was as good as it could get." Trial counsel testified that it was his general practice to inform a defendant of the maximum sentence they could receive at trial, but he could not recall if he told the Petitioner that he faced a maximum twenty-five-year sentence. Trial counsel was certain that he informed the

---

[1] This opinion will focus solely on the issue raised in the Petitioner's brief. All other issues have been waived. See Tenn. R. App. P. 36(a).

Petitioner that he faced a minimum sentence of fifteen years to be served at 100% if he lost at trial. Trial counsel recalled that he used his "hands as a scale" to show how "eight years at thirty versus nearly twice that at" 100% balanced out. Nevertheless, the Petitioner "didn't want the eight at thirty" offer and insisted on going to trial.

On August 15, 2018, the post-conviction court issued a written order denying post-conviction relief. The post-conviction court accredited trial counsel's testimony that "it was his practice to inform clients as to the maximum sentence which could be imposed" and noted that there "was no evidence that this case had been handled any differently in regard to informing the client as to possible punishment." The post-conviction court concluded that the Petitioner had failed to prove his factual allegations by clear and convincing evidence.

## ANALYSIS

The Petitioner contends that he received ineffective assistance from trial counsel because trial counsel failed to inform him of the possible sentence he could receive if convicted at trial. The Petitioner argues that he would have accepted the State's offer of eight years to be served at thirty percent if trial counsel had informed him that he would be sentenced to between fifteen and twenty-five years to be served at 100% if he was convicted at trial. The State responds that the post-conviction court did not err in denying the petition.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the

deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

We agree with the post-conviction court that the Petitioner failed to prove his factual allegations by clear and convincing evidence. Trial counsel denied ever telling the Petitioner that he could "beat the case." Trial counsel advised the Petitioner that the "facts [of the case] were terrible" for the Petitioner and that the State's offer "was as good as it could get." Trial counsel testified that it was his general practice to inform a defendant of the maximum sentence they could receive at trial. Trial counsel was certain that he informed the Petitioner that he faced a minimum sentence of fifteen years to be served at 100% if he lost at trial. Trial counsel recalled that he used his "hands as a scale" to show how "eight years at thirty versus nearly twice that at" 100% balanced out. Nevertheless, the Petitioner "didn't want the eight at thirty" offer and insisted on going to trial. The post-conviction court accredited trial counsel's testimony and the evidence does not preponderate against that decision. Accordingly, we conclude that the post-conviction court did not err in denying post-conviction relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-